### E. Wayne Ponting, Appellant, v. Frank More, Appellee.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

2. EVIDENCE—*when conversations out of presence of party competent. Held,* that a particular conversation had out of the presence of the party sought to be bound thereby, was competent because the substance of such conversation had been reported to such party.

Appeal from the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

McGinley & Wiley and J. R. Holt, for appellant.

Boggs, Boggs & Heidinger and Creighton & Thomas, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit brought by appellant to recover damages for the alleged breach of a contract by appellee. The jury found the issues for appellee and judgment was entered against appellant for costs.

The following facts appear from the proofs: Appellant owned a stock of goods at Laddonia, Missouri, which he proposed to trade to appellee for 220 acres of land owned by him in Wayne county, Illinois. On April 14, 1910, they met at Laddonia, looked over the stock of goods and entered into a written contract for the exchange of property. By this contract appellant agreed to convey to appellee by bill of sale, said stock of merchandise, to be invoiced at first wholesale cost and also the store fixtures, which were to be taken at the fixed price of $1,752.85, the invoice to begin not later than April 20, 1910, in consideration of which, appellee agreed to convey by warranty deed, his said land in Wayne county, Illinois, at a consideration of $75 per acre. It was further agreed that any difference between the invoice of stock and purchase price of land, was to be paid in cash; that each party was to provide for the use of the other within five days proper abstracts of title to the property agreed to be conveyed; that the deed to the lands and bill of sale for stock and fixtures, were to be deposited before the invoice started, with J. J. Alexander, who was also to hold the contract; that either party failing to comply with the contract was to pay the other party $1,000 as liquidated damages; that the contract was made and signed subject to the approval of appellant after inspection of appellee's land; that all deeds were to be passed and negotiations closed within fifteen days

from the date of the contract. Thereafter appellant viewed the land and approved the contract and on April 18, 1910, he and a man named Tolly met appellee, who had with him one Jenkins, at Laddonia for the purpose of invoicing the stock.

Appellant deposited a bill of sale of the stock with Alexander, but appellee, who had an abstract of title and deed to his lands with him refused to deliver them to that person, although he showed the abstract to appellant and permitted him to look over it.

Appellee testified that when he reached the store on the morning in question, Alexander, the party who had formerly traded the stock of goods to appellant, told him he had a claim against the stock, for $4,400; that he had the keys to the store and would never give up possession of the stock until he got his money; that he reported his conversation with Alexander, to appellant, who suggested that he, appellee, could keep out part of his lands and take the stock subject to Alexander's claim but that he told appellant he would not do it.

Appellant while admitting that Alexander had formerly owned the stock and building and that he, appellant, owed him $4,400, stated that Alexander had no lien on the stock and was not in possession of the same, but was working for him; that the stock was in possession of one J. C. Swinney, who was working for appellant. Appellee's testimony as to his conversation with Alexander, about his claim against the stock of goods and his possession of the store, was corroborated by said Jenkins. Another witness, Taylor, also testified that some three weeks later he had a conversation with appellant in reference to trading for the stock of goods and that he was asked by the latter to assume a debt of $4,000 against it; that he went with Ponting to see Alexander about the matter; that Alexander was in possession of the stock and said he would not release his claim while he had so much in the stock. Appellee refused to complete the trade and assigned as a reason therefor the failure of appellant to satisfy

the claim of Alexander against the stock. Appellant insists the judgment in the case should be reversed because as he asserts, the verdict was not sustained by the evidence, improper evidence was admitted and incorrect instructions given for appellee.

We are of opinion that the evidence in the case was sufficient to justify the jury in finding, as they must have done, that appellant was indebted to Alexander, the former owner of the stock of goods, in the sum of $4,400; that Alexander claimed a lien upon the stock for that amount and was in possession of the same and holding it for the payment of said lien. These circumstances were sufficient to constitute a failure on the part of appellant to show a "good and sufficient title" to the stock of goods in him as he agreed to do by the contract. Appellee was not required, under that instrument, to take the stock under circumstances showing a claim against it, by a third person, which would be likely to cost him a large amount of money not contemplated by the contract or involve him in vexatious litigation.

In regard to the evidence, appellant complains because the court admitted testimony concerning the conversation between himself, Jenkins and Alexander in the absence of appellant, in which Alexander told them he had a lien upon and possession of the property or the stock of goods. We are inclined to the opinion that there was no error in admitting this evidence for the reason that appellee as stated by him went to appellant and told him of his conversation with Alexander and appellant then told him he could "keep out part of the land." The statement of the conversation with Alexander tended to make plain the subsequent conversation based upon it, between appellant and appellee. But at any rate the admission of this evidence could not have prejudiced the case of appellant as other evidence in the case, concerning the admissibility of which there could be ne question, showed the existence of the claim of Alexander. The court properly

admitted the evidence of Taylor, concerning his conversation with appellant and Alexander together, some three weeks later, concerning the existence of the debt and the claim of Alexander against the stock, as it plainly tended to corroborate the other evidence introduced by appellee, upon that subject.

Appellant criticises certain of the instructions given for appellee because of certain informalities and rather imperfect statements of the law contained in them. While these instructions were not carefully guarded, yet as applied to the facts in this case, we do not think they could have misled the jury and the instructions as a whole fairly stated the law applicable to the case.

Substantial justice appears to have been done by the verdict in this case and no error materially affecting the rights of the parties is shown by the record to have been committed.

The judgment of the court below will therefore be affirmed.

*Judgment affirmed*